# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT SHINICHI MAYO,**  )<br>  )<br>**Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>**KILOLO KIJAKAZI, Acting**  )<br>**Commissioner of Social Security,[1]**  )<br>  )<br>**Defendant.**  ) | Case No. CIV-20-1131-AMG |

## MEMORANDUM OPINION AND ORDER

Robert Shinichi Mayo ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 12, 13), and the parties have fully briefed the issues. (Docs. 19, 20, 21). [2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 16, 17). For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.  **Procedural History**

Plaintiff filed his application for DIB on July 16, 2018, alleging a disability onset date of March 15, 2016. (*See* AR, at 15). The SSA denied the application initially and on reconsideration. (*Id*. at 92-103, 74-89). An administrative hearing was then held on February 6, 2020. (*Id*. at 36-73). At the hearing, Plaintiff amended his disability onset date to March 14, 2017. (*Id.*) Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-35). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.  **The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2016, the alleged onset date. (AR, at 17). At Step Two, the ALJ found that Claimant had the following severe impairments: "degenerative disc disease and obesity." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 20). The ALJ then determined that Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: The claimant is able to lift, carry, push or pull up to five pounds frequently and ten pounds occasionally. The claimant is able to sit up to six hours in an eight-hour workday. The claimant is able to stand and/or walk up to two hours in an eight-hour workday. The job should not require standing or walking for more than ten minutes consecutively. The claimant is able to occasionally climb ramps or stairs, stoop, kneel, crouch or crawl. The job should not involve climbing ladders,

>ropes or scaffolds or work performed near unprotected heights or hazardous moving mechanical parts.

(*Id*. at 20).  Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work.  (*Id*. at 28).  At Step Five, however, the ALJ found when "considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as a document preparer, semiconductor bonder, or touchup screener. (*Id*. at 28-29).  Thus, the ALJ found that Claimant had not been under a disability since March 15, 2016.  (*Id*.)

## III.   Claims Presented for Judicial Review

On appeal, Plaintiff raises two issues.  (Doc. 19).  First, Plaintiff alleges that the ALJ failed to follow the required legal standards, undermining her hypothetical question to the vocational witness, the RFC, and the Step Five findings.  (Doc. 19, at 3-13).  Plaintiff specifically argues that the ALJ improperly disregarded evidence that Plaintiff required the use of a cane.  (*Id*. at 4-5).  Next, Plaintiff complains that the ALJ failed to properly assess the consistency of Plaintiff's complaints with the evidence of record.  (*Id.* at 13-15).

The Commissioner, however, claims that ample evidence supports the ALJ's RFC and related findings because the ALJ adequately considered not only Plaintiff's subjective complaints, but also the objective medical evidence regarding his treatment for both physical and mental issues.  (Doc. 20, at 5).

## IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*,

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.     The ALJ Failed To Properly Evaluate a Medical Opinion Regarding Plaintiff's Need For Cane.**

Plaintiff argues that the record evidence supports Plaintiff's need to use a cane and that this should have been factored in the RFC.  (Doc. 19, at 4-5; Doc. 21, at 3-4).  The ALJ acknowledged some of this evidence in his decision (*see* AR, at 22, 24, 25), and Plaintiff presented at the administrative hearing propped up with a cane.  (*Id*. at 57).

Specifically, Plaintiff points out a letter dated January 23, 2020, from APRN Kayla Hansen that states: "[Plaintiff] is currently under my medical care.  His cane is medically necessary for day to day mobility." (AR, at 569).  "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or restriction in the ability to perform physical,

mental, or other demands of work or to adapt to environmental conditions.  20 C.F.R. § 404.1513(a)(2).  Although brief, APRN Hansen's letter fits this definition, because it describes Plaintiff's limitations in performing ordinary and regularly occurring (*i.e.*, "day to day") physical movement.

Moreover, Social Security Ruling (SSR) 96-9p states:

**To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed** (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain, and any other relevant information). The adjudicator must always consider the particular facts of a case.  For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand.  For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (*e.g.*, an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded.

SSR 96-9p, 1996 WL 374185, *7 (footnote omitted) (emphasis added).  The Commissioner asserts that APRN Hansen's letter does not meet the requirements for medical documentation establishing the need for a hand-held assistive device. (Doc. 20, at 6).  The

undersigned does not believe the matter to be so clear-cut. Regardless, the ALJ failed to appropriately consider APRN Hansen's letter as a medical opinion.

An ALJ considers medical opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. *Id*. § 404.1520c(a). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion. *Id*. § 404.1520c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2).[4]

The ALJ acknowledged that "[i]n January 2020, APRN Hansen completed a statement reporting that the claimant required a cane for day-to-day mobility." (AR, at 25,

---

[4] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

citing Exhibit 22 F, p. 1). (*See* AR, at 569). The ALJ went on to discuss some record evidence relating to Plaintiff's use of a cane and his activities of daily living as well as some medical observations about Plaintiff's spine, hips, and legs. (AR, at 25). The ALJ ended the discussion by stating, "I do not find the objective evidence sufficient to support a cane as medically necessary." (*Id*.) The ALJ did not view or evaluate APRN Hansen's letter as a medical opinion. She did not evaluate it in the section of her decision addressing medical opinions (*see* AR, at 26-27), and, critically, she did not articulate how persuasive she found the opinion. Moreover, although the ALJ arguably evaluated the consistency of APRN Hansen's opinion against other medical and non-medical evidence, she did not engage in a supportability analysis. This is error requiring remand.[5]

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 27th day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).